**FIRST CITY BANK OF HOUSTON, Relator,**

v.

**The Honorable Homer SALINAS, District Judge, 92nd Judicial District of Hidalgo County, Texas, Respondent.**

**No. 13–88–233–CV.**

Court of Appeals of Texas, Corpus Christi.

July 15, 1988.

Edmundo O. Ramirez, McAllen, for relator.

Rafael H. Flores, McAllen, for respondent.

Before DORSEY, KENNEDY and SEERDEN, JJ.

OPINION

DORSEY, Justice.

In this original mandamus proceeding, First City National Bank of Houston requests this Court to direct the Honorable Homer Salinas of the 92nd Judicial District Court of Hidalgo County to vacate his order of May 27, 1988, signed as judge of the 229th District Court of Starr County, because he was without jurisdiction to so act. We conditionally grant the writ.

Judge Salinas was assigned by the presiding judge of the administrative district to hear a personal injury lawsuit in the 229th District Court of Starr County. He entered a final judgment in that action on November 24, 1986, pursuant to a settlement agreement. In accordance with that final judgment, Martin Ramirez, the real party in interest and the guardian of the minor plaintiff, entered into a trust agreement with McAllen State Bank. The trust agreement gave certain supervisory powers to the judge of the 229th District Court of Starr County. In April 1988, McAllen State Bank was closed and Relator became the successor in interest of the trust agreement.

On January 8, 1988, Ramirez filed, in the 229th Judicial District Court, a motion to change depository of trust funds and trans-

fer assets. An order transferring the trust deposits was signed by the Honorable Homer Salinas, as judge of the 229th District Court. Relator then filed a motion to clarify that order.

On May 18, 1988, Judge Salinas, sitting as judge of the 229th under his assignment, held a hearing in Hidalgo County on Relator's motion and ordered the trust assets transferred. He also discharged McAllen State Bank from liability, approved fees and appointed Texas State Bank as trustee. Relator complained at that hearing, and argues before this Court, that Judge Salinas was without jurisdiction to act. It first argues that Judge Salinas' order was void because his assignment as judge of the 229th Judicial District Court had terminated. Secondly, relator argues the order was void because Judge Salinas conducted court proceedings outside of the county seat of the 229th Judicial District Court, in violation of the Texas Constitution Art. V, § 7.

■ Mandamus is a discretionary remedy and ordinarily will be denied if another remedy is available and adequate. *State v. Archer*, 163 Tex. 234, 353 S.W.2d 841 (1962). Availability of other remedies, however, does not prevent mandamus to set aside a void order of a trial court. *Dikeman v. Snell*, 490 S.W.2d 183, 186 (Tex.1973).

■ Here, Judge Salinas was assigned to the 229th Judicial District Court by the presiding judge of the administrative judicial region. His assignment read:

This assignment is for the period beginning the 29th day of September, 1986, provided that this assignment shall continue after the specified period of time as may be necessary for the assigned judge to complete trial of any case or cases begun during this period, and *to pass on motions for new trial and all other matters growing out of cases tried* by the judge herein assigned during this period.
CONDITION(S) OF ASSIGNMENT [IF ANY]:
No. 7499, Martin Ramirez, Guardian of the Person and Estate of Javier Ivan

Sandoval, a Minor, vs. Rego Company, et al. (emphasis added.)

The parties agree that final judgment in the underlying personal injury lawsuit was signed on November 24, 1986. Thereafter, in December 1986, a trust agreement was set up pursuant to that judgment. No other action was taken in this matter until January 8, 1988, when the trustee filed a motion to change depository of the trust funds and transfer assets.

The issue before us is whether Judge Salinas' assignment in September, 1986, continued to encompass his order of May 27, 1988. The record is clear that Judge Salinas was assigned to hear the underlying personal injury lawsuit and not to exercise general jurisdiction as the Judge of the 229th District Court of Starr County. The personal injury action resulted in a final judgment adjudicating the rights and liabilities of the parties to that action. Although the trust was created as a result of that final judgment, it is ancillary to the judgment. We conclude that Judge Salinas' jurisdiction over the underlying cause lapsed upon the loss of his plenary power to act upon any motion directly relating to the lawsuit. *See* Tex.R.Civ.P. 329(b); *Roberts v. Ernst*, 668 S.W.2d 843 (Tex.App.—Houston [1st Dist.] 1984, orig. proceeding).

We are persuaded by the Court of Appeals' reasoning in *Roberts v. Ernst*, in which it held that the assigned judge's authority over a case ended when he granted a new trial after entering a judgment. Tex.R.Civ.P. 329b gives the trial judge authority over a case for a period after judgment, the length of time dependent on whether a motion for new trial is filed. In the present case, because no motion for new trial was filed, the assigned judge's authority over the judgment expired thirty days after judgment. The trust agreement, ancillary to the action, vests continued power over the trust in the judge of the 229th Judicial District Court. If, because of disqualification or recusal, it becomes necessary to again assign a judge to sit for the duly elected district judge of the 229th to act on the trust, the presiding judge of the administrative district may do

so under Tex.Gov't. Code Ann. § 74.047 (Vernon 1988).

We expect that the Honorable Homer Salinas will vacate his order of May 27, 1988, so that the matter may proceed in the 229th Judicial District Court. Mandamus will issue only if the honorable trial judge refuses to comply.