**AMERITRUST TEXAS, N.A., Relator,**

v.

**Honorable Keith BURRIS,
Judge, Respondent.**

**No. 11–90–187–CV.**

Court of Appeals of Texas,
Eastland.

Aug. 30, 1990.

P.M. Johnston, Sleeper, Johnston, Helm & Fontaine, Waco, for relator.

Diane Garcia, San Antonio, T.L. Rees, Thompson, Rees & McKinney, Colorado City, G.H. Lampley, San Angelo, Frank Ginzel, Colorado City, for respondent.

OPINION

PER CURIAM.

This is an original proceeding in mandamus. Ameritrust Texas, N.A., relator, seeks a writ of mandamus declaring that Paragraph IV of the May 29, 1990, Order of the County Court of Mitchell County is void.

In 1983, the Mitchell County Court declared Edward Clifton Lindsey mentally incompetent and appointed his mother as guardian of his estate. On December 30, 1985, the 80th District Court of Harris County in Cause No. 83–45195 entered a judgment approving an "Agreement of Settlement, Release and Indemnification." Pursuant to the judgment and agreed settlement, Chevron was to make various payments to MBank Waco, N.A. (now Ameritrust Texas, N.A.) as trustee for Lindsey. In February of 1990, application was filed to remove Lindsey's mother as the guardian of his estate. Relator is not a party to that suit. On May 29, 1990, the Mitchell County Court entered an order removing Lindsey's mother as guardian. The May 29th order further provided in Paragraph IV:

> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that because of an erroneous order in Cause No. 83–45195 from the District Court of Harris County, Texas, 80th Judicial District, dated Dec. 30, 1985, placing all investment funds of said guardianship into an annuity and the creation of a trust for the benefit of the Ward, Clifton Edward Lindsey, have subverted the reporting requirement imposed upon the Guardian, and therefore said order of the above investment of funds and creation of trust are hereby declared void and all funds now held by the Trustee of said trust (MBank of Waco and/or its successors) as well as all past funds deposited into said trust are now assets of the guardianship estate.

Relator argues that the trial court abused its discretion by setting aside the judgment in Cause No. 83–45195 entered on December 30, 1985, by the Harris County 80th District Court. We agree.

■ The parties to the 1985 judgment were not parties to the suit to remove the guardian in Mitchell County. The suit to remove the guardian is neither a proper direct nor a proper collateral attack on the 1985 judgment. The county court abused its discretion when it declared the 1985 district court judgment void in Paragraph IV.

■ We disagree with respondent's argument that Ameritrust lacks standing to seek a writ of mandamus. A writ of mandamus is an appropriate means to set aside a void order. *Dikeman v. Snell*, 490 S.W.2d 183 (Tex.1973); *First City Bank of Houston v. Salinas*, 754 S.W.2d 497 (Tex. App.—Corpus Christi 1988) (original proceeding). A writ of mandamus is an extraordinary remedy and will issue to correct a clear abuse of discretion or the violation of a duty imposed by law when no other adequate remedy at law exists. *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916 (Tex.1985); *State v. Walker*, 679 S.W.2d 484 (Tex.1984); *Jampole v. Touchy*, 673 S.W.2d 569 (Tex.1984); *State Bar of Texas v. Heard*, 603 S.W.2d 829 (Tex.1980).

The writ of mandamus is conditionally granted. In the event that the trial court does not rescind Paragraph IV of its May 29, 1990, order, the writ of mandamus will issue.