**Ex parte Donald EASTLAND, Relator.**

**No. D–1060.**

Supreme Court of Texas.

June 19, 1991.

Donald Eastland, Hillsboro, for relator.

Jana K. Miller, Sheila R. McIlnay, Austin.

PER CURIAM.

This original habeas corpus action arises out of a contempt action brought to enforce a judgment ordering relator, Donald Eastland, disbarred. The question presented in this action is whether the order holding Eastland in contempt and committing him to the county jail is void because the judge presiding over the contempt action exceeded the scope of his assignment.

In May 1988, the State Bar of Texas, the real party in interest, filed a disciplinary petition against Donald Eastland, Relator, in the 66th Judicial Court, Hill County, Texas. The Honorable Clyde Ashworth was assigned to preside over the case by the Chief Justice of this court, pursuant to § 75.002(c) of the Texas Government Code. The letter of assignment provided that Judge Ashworth was assigned to serve as judge of the 66th Judicial District Court for trial of the case, and stated that the "assignment shall continue after the specified period of time as may be necessary for you to complete trial of any case or cases begun during this period and to pass on any motions for new trials." On May 29, 1990, Judge Ashworth entered a judgment disbarring Eastland. No motion for new trial was filed, and the judgment became final by operation of law. On January 7, 1991, the State Bar of Texas filed an Original Motion for Contempt in the 66th Judicial District Court, alleging that Eastland had engaged in the practice of law subsequent to the May 29, 1990 judgment. On March 26, 1991, a hearing was held in the 66th Judicial District Court before Judge Ashworth. Judge Ashworth issued an order holding Eastland in contempt and committing Eastland to thirty days in jail.

By the terms of the letter of assignment, Judge Ashworth's jurisdiction over the disbarment proceeding was to continue only as long as necessary to complete the trial of the case and to pass on any motions for new trial. Since no motion for new trial was filed in the case, Judge Ashworth's authority expired thirty days after judgment. The order of contempt and commitment is void since Judge Ashworth had no authority to enter the order. *See Ex Parte*

*Holland,* 807 S.W.2d 827, (Tex.App.—Dallas 1991, orig. proceeding); *Starnes v. Chapman,* 793 S.W.2d 104 (Tex.App.—Dallas 1990, orig. proceeding); *First City Bank of Houston v. Salinas,* 754 S.W.2d 497 (Tex.App.—Corpus Christi 1988, orig. proceeding); *Roberts v. Ernst,* 668 S.W.2d 843 (Tex.App.—Houston [1st Dist.] 1984, orig. proceeding).

Therefore, a majority of the court, without hearing oral argument, grants the writ of habeas corpus and orders relator Donald Eastland discharged. Tex.R.App.P. 122.

PHILLIPS, C.J., not sitting.