**Dr. William E. O'CONNOR, Relator,**

v.

**The Honorable Bradley SMITH, Visiting Judge of the 234th District Court of Harris County, Texas, Respondent.**

No. 01–91–00461–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 19, 1991.

Emmett S. Huff, Rodney J. Reynolds, Houston, for relator.

Ross Spence, Houston, for respondent.

Before SAM BASS, O'CONNOR and WILSON, JJ.

## OPINION

WILSON, Justice.

Relator requests that we order the Honorable Bradley Smith, sitting as a visiting judge to the 234th Judicial District of Harris County, to vacate all orders entered in the trial court after his plenary power in the case at bar expired on October 4, 1989. We granted relator's motion for leave to file and set the case for argument on June 26, 1991. We now withdraw our order granting leave to file as improvidently granted and overrule the motion.

On July 11, 1989, after a jury trial, Judge Smith entered judgment in favor of plaintiffs, Sam Houston Medical Hospital, Inc. d/b/a Sam Houston Memorial Hospital and Spring Oaks, Ltd. (collectively "Sam Houston"), the real parties in interest, against defendant, Dr. William E. O'Connor, the relator, for damages resulting from an unpaid loan and breach of a lease. O'Connor appealed but did not supersede the judgment. Sam Houston began post-judgment discovery under the provisions of TEX. R.CIV.P. 621a.

On December 14, 1989, Judge Smith, continuing to sit during the post-judgment discovery phase pursuant to the same order of assignment under which he began the case, entered an order requiring O'Connor to respond to Sam Houston's deposition on written questions by December 31 of that year. Over the next several months, Judge Smith found O'Connor's responses to the discovery to be "inadequate and in bad faith" and twice ordered him to respond to discovery in a "full and forthright manner," entering orders to that effect on February 2, 1990, and March 26, 1990. The second order sanctioned O'Connor $10,200 for his failure to comply with the first order. On June 14, 1990, and again on October 25, 1990, Judge Smith signed turnover orders in the case.

Following the last order, O'Connor for the first time filed a "motion to vacate and set aside orders," contending that Judge Smith had no authority to continue to act in the case. Relator's basic claim is that Smith's plenary power had expired when the appeal was perfected on October 4, 1989.[1] Relator claims Judge Smith's au-

---

1. The literal accuracy of this calculation is not determinative of any issue before us. For purposes of this appeal, we accept its correctness.

thority to act as a visiting judge under his order of assignment had also expired as a *consequence* of his having lost plenary power and the orders entered in the Rule 621a matters thus were void and should be set aside.

Our holding in this case depends on the rather unique relation to the loss of plenary power of TEX.R.CIV.P. 621a, which states in relevant part:

> At any time after rendition of judgment, and so long as said judgment has not been suspended by a supersedeas bond or by order of a proper court ... the successful party may, for the purpose of obtaining information to aid in the enforcement of such judgment, initiate and maintain **in the trial court in the same suit in which said judgment was rendered** any discovery proceeding authorized by these rules for pre-trial matters.... Judicial supervision of such discovery proceedings after judgment shall be the same as that provided by law or these rules for pre-trial discovery and proceedings insofar as applicable.

It is axiomatic that a district judge has certain powers as defined by the Constitution, statutes, rules, and common law of the State of Texas. Rule 621a is but one of a multitude of grants of specific authority that forms the framework of a district court's jurisdiction.

It is long established, and unchallenged here, that the loss of plenary power of a district court judge to act in a particular case does not divest that same judge of jurisdiction within the parameters of rule 621a to hear post-judgment discovery matters in the same case that may extend for many years after judgment. Loss of plenary power divests the district judge of jurisdiction, but rule 621a is a specific saving grant of limited authority for the judge to continue hearing matters in the same cause relevant to enforcement of the court's judgment. *See generally Arndt v. Farris*, 633 S.W.2d 497 (Tex.1982).[2]

Given the unchallenged right of the district court judge to hear Rule 621a matters, what then is the authority of a visiting judge to hear such matters when sitting for the duly commissioned judge of a particular court? We hold as fundamental to our opinion that any challenge to a visiting judge's authority to hear rule 621a matters could not be derived from his loss of plenary power, but, to succeed, such a challenge must be grounded in some other good and sufficient reason(s) independent of that loss.

If a district judge has the authority to act in rule 621a matters notwithstanding his loss of plenary power, then it would seem logical that a visiting judge sitting for the regular district judge, if an equal, would have the identical power, unless the authority of the visiting judge were somehow otherwise limited or compromised by law. We believe this is the correct direction of the appropriate inquiry in this case. Is there a reason in law that supports relator's position, independent of the fact that Judge Smith had lost his plenary power?

The question of whether a visiting judge has power equal to that of the judge for whom he substitutes is resolved by TEX. GOV'T CODE ANN. § 74.059 (Vernon Supp. 1991), which states, "A judge assigned under the provisions of this chapter has all the powers of the judge of the court to which he is assigned." It is not challenged that Judge Smith was assigned to the 234th District Court under the Court Administration Act, TEX.GOV'T CODE ANN. Chapter 74. (Vernon Supp.1991).

We conclude as an exercise of simple logic that if a district judge can pass on Rule 621a matters after the loss of plenary power, and if a visiting judge is an equal in power to the judge for whom he substitutes, then likewise, the visiting judge can pass on Rule 621a matters after the loss of plenary power. Further, given equality between a regularly sitting district judge and his assigned substitute, it would necessar-

---

**2.** Cited with approval to Rule 621a in M. O'CONNOR, TEXAS RULES, Part VI, § 3 at 193–94 (1991).

ily follow that a presiding judge could assign a visiting judge to do whatever a district judge can legally do. Both conclusions presume the absence of any other reason in law that would in some manner limit the actions of the visiting judge.

Relator bases his challenge to the authority of the visiting judge on (1) his interpretation of Tex.R.Civ.P. 621a and 329b; (2) the language of the order of assignment appointing Judge Smith to the 234th district court; and (3) case authority supporting the principle that a visiting judge's authority extends only to the limit of his plenary power. We find that none of the suggested authority supports relator's position.

*Tex.R.Civ.P. 621a, Discovery and Enforcement of Judgment*

■ Relator argues that rule 621a gives only the trial court and not the visiting judge power over post-judgment discovery. This interpretation ignores the plain language of the rule as well as the equality of power between the regular judge and the visiting judge. Tex.Gov't Code Ann. § 74.-059(a).

The language of Rule 621a indicates that post-judgment discovery is part of the same suit in which the judgment is rendered. Therefore, Rule 621a, considered in conjunction with Judge Smith's assignment giving him the authority to pass on "all other matters growing out of the case," authorizes Judge Smith to preside over post-judgment discovery and enforcement proceedings.

We find support for the proposition that Rule 621a issues "grow out of the case tried ..." in the previously cited case of *Arndt v. Farris*, 633 S.W.2d 497 (Tex. 1982), in which the court stated:

While the court's power to vacate, modify, correct, or reform a judgment ceases under Rule 329b(d) thirty days after the judgment is signed, the court's power to enforce its judgment is not so limited.... The general rule is that every court having jurisdiction to render a judgment has the inherent power to enforce its judgments.... Rule 621a is an aid to the enforcement of the court's judgment, and the trial court has **continuing jurisdiction** over such matters as set forth in the rule.

*Arndt* at 499. (Emphasis added.)

We find no language in Rule 621a, in any other rule of procedure, or in any statute specifically prohibiting a visiting judge from supervising post-judgment discovery in a case in which he rendered judgment. Neither does the language of the rule, which provides that the successful party may initiate and maintain post-judgment discovery "in the trial court," restrict such proceedings to supervision only by the regularly sitting judge of that court, as relator contends.

An argument similar to that asserted by the relator was made and rejected in *Olivares v. State*, 693 S.W.2d 486 (Tex.App.—San Antonio 1985, writ dism'd.). Olivares appealed from a judgment of disbarment. He contended the judgment was void because the visiting judge who rendered it lacked jurisdiction under the State Bar Act, Tex.Rev.Civ.Stat.Ann. art. 320a–1 (Vernon Supp.1985). Olivares argued that the statute required that a disbarment proceeding shall be heard by the district court in the county of the defendant's residence and this requirement did not include a visiting judge. Olivares further reasoned that, because the record did not reflect that the regular judge of the district court had been disqualified or recused, the visiting judge had no jurisdiction.

The appellate court found as follows:

The presiding judge of the administrative district has the authority to appoint a qualified retired district judge to hear a case when the regular judge is absent, disabled, or disqualified; or if a vacancy develops; or even in instances when the regular judge is present.... A retired district judge who elects to continue in his judicial capacity is not a "special" judge, but is still a district judge ... A retired judge continuing in his judicial capacity may therefore be assigned to

any case[3]....

*Olivares,* 693 S.W.2d at 489.

We cite this case for the sole proposition that the phrase "in the trial court" found in Rule 621a does not refer exclusively to the duly commissioned judge of the particular court. Accordingly, we hold Judge Smith, as a former district judge and a validly appointed visiting judge to the 234th district court, was acting within his authority in hearing the post-judgment proceedings so far as the language of Rule 621a controls.

The order of assignment

 Judge Smith was appointed to the 234th district court for a two week period, beginning June 19, 1989, and assigned to try the case *Sam Houston Hospital, et al v. Dr. William E. O'Connor.* The order of assignment states that the assignment of the visiting judge is "for the period of 2 weeks ... provided that *this assignment shall continue* after the specified period as may be necessary for the assigned judge ... *to pass on* motions for new trial and *all other matters growing out of cases tried by the judge* herein assigned during this period." (Emphasis added.)

The language of the assignment, while not specifically enumerating all the actions that the judge is authorized to take, clearly provides for the judge to pass on "all matters growing out of the cases" he tries during his assignment. Although relator argues that the judge's authority ends when the judge "passes on" a motion for new trial, the language of the assignment is not nearly so restrictive. It allows for the judge to pass on motions for new trial *and* all other matters growing out of the case.

All of the orders signed by Judge Smith are orders involving post-judgment discovery in aid of enforcement of the judgment rendered by Judge Smith in the trial conducted during the period of his assignment. Based on our previous analysis of TEX.R.CIV.P. 621a, we find that the orders, issued by Judge Smith under the terms of

Rule 621a, directly "grow out of the case tried" by Judge Smith, and are, therefore, encompassed by the language of his assignment.

Again, relator does not claim, and we find no statute or rule to suggest, a presiding and/or administrative judge does not have the authority to make such an assignment. We note the importance of the actual language of the assignment in dictating the limits of the authority of the visiting judge, as emphasized in the recently decided case of *Ex parte Eastland,* 811 S.W.2d 571 (Tex.1991). In *Eastland,* the supreme court found that a visiting judge had exceeded his authority *under the language of his assignment* that included a limited period of time "... as may be necessary for you to complete trial of any case or cases begun during this period and to pass on any motions for new trial." The language of the assignment did not include the phrase "and all other matters growing out of cases tried by the judge," as does the order of assignment before us in this case. The Supreme Court found that the visiting judge had exceeded the scope of his assignment when he held Eastland in contempt some nine months after the judgment had become final.

Relator's case authority

Relator cites no case dealing with the authority of visiting judges to hear rule 621a matters. The cases he relies on, we believe, are distinguishable, and/or inapplicable to the case before us.

*Roberts v. Ernst,* 668 S.W.2d 843, (Tex. Civ.App.—Houston [1st Dist.] 1984, orig. proceeding), dealt with a visiting judge's continuing authority following that judge's granting of a motion for new trial. In *Roberts,* visiting Judge Dickerson had been assigned to try the case of *Roberts v. Igloo Corp.* Judge Dickerson's assignment contained the same wording as the assignment in question in our case and likewise authorized him to hear "all matters growing out of the cases tried" by him during the peri-

---

**3.** Although the judge in *Olivares* was a *retired* district judge, the statute in question in *Olivares* encompasses as well *former* district judges such as Judge Smith. TEX.GOV'T CODE ANN. § 74.054 (Vernon Supp.1991).

od of his assignment. He conducted the trial and, on February 16, 1983, entered judgment for Roberts in the amount of $250,000. That same day, he granted Roberts' motion for new trial.

In March of 1983, when the case again came to trial, the then regular judge of the court, Judge Sandel, disqualified himself from the case. The administrative judge appointed Judge Ernst to hear the case. However, Judge Ernst was not immediately available, and he asked for another judge to be appointed to hear pre-trial motions in the case. Judge Walker was then appointed for that purpose.

At 11:00 a.m. on April 18, Judge Walker granted the defendants' motion for continuance. At 1:00 p.m. that same day, Judge Dickerson, purportedly acting under his original assignment, vacated the order of continuance and announced that he would hear evidence on the plaintiff's motion for change of venue. Defendants objected. Nevertheless, Judge Dickerson proceeded to hear evidence by the plaintiffs, granted the change of venue, and ordered the case transferred to Madison County. Later Judge Ernst vacated Dickerson's orders and denied the change of venue. Plaintiffs filed for mandamus.

Under those facts, this Court held that Judge Dickerson's orders setting aside Judge Walker's order and ordering a change of venue were invalid. Judge Dickerson was originally assigned for one week. He was also authorized to complete trial in any cases begun during that week and to pass on motions for new trial and *all matters growing out of cases* tried that week. However, while Judge Dickerson may have mistakenly believed his assignment would continue after he granted a new trial and until the case was tried again, the *Roberts* court held that the new trial was not a matter growing out of the original case. The court concluded once the judgment in the first case was set aside, the judge had completed his assignment and his authority ceased. 668 S.W.2d at 846. Further, this Court also held that the intervening assignment of Judge Walker to the *Roberts* case had superseded

Judge Dickerson's assignment and had therefore terminated his authority.

*Roberts* is distinguishable from the case before us for several reasons. In the present case, Judge Smith denied defendant's motion for a new trial, and there has been no intervening assignment of another judge to the case. We believe the granting of a new trial, which involves the setting aside of a judgment and the beginning of a case anew, creates a situation which cannot be fairly analogized to a case where a valid subsisting judgment is sought to be enforced through post-judgment proceedings.

We recognize the *Roberts* court construed language in the order of assignment to say that the visiting judge rules on all issues arising during the *course of a trial.* 668 S.W.2d at 846. It further refines that concept by stating the order of assignment language authorized the visiting judge to rule on all issues that were *before him* during the trial. Because the issue of venue arose subsequent to the trial and was never an issue in the trial, the court concluded the venue matter was outside the visiting judge's authority.

We believe that the construction of the language of the assignment order in *Roberts* was dicta to the court's decision. Further, the court reads the language of the order, "to pass on all motions for new trial and all matters growing out of *cases* tried by the judge herein," to be functionally the same thing as matters growing out of *"trials."* We find this to be an overly narrow construction of the language of the assignment and the intent of the presiding judge. Finally, the opinion does not consider the language of the assignment in relation to the judge's authority to hear rule 621a matters. We consider the precedential value of *Roberts* to be in the bright-line holding that when a motion for new trial is granted, or a new order of assignment supersedes another, the visiting judge's authority ends. We do not believe that the construction of the assignment language in *Roberts* precludes us from finding that Rule 621a matters "grow out of the case tried" by the visiting judge.

*First City Bank v. Salinas*, 754 S.W.2d 497 (Tex.App.—Corpus Christi 1988, original proceeding), involved a personal injury suit that was finally disposed of by settlement. Salinas, the visiting judge, had been assigned on September 29, 1986, to the 229th District Court of Starr County, to try a case styled *Ramirez, as Guardian of the Person and Estate of Javier Ivan Sandoval, a Minor, v. Rego Co., et al.* He entered judgment in November, 1986, pursuant to the parties' settlement agreement. According to the terms of the settlement, the guardian of the minor plaintiff entered into a trust agreement with McAllen State Bank. The trust agreement gave certain supervisory powers over the trust to the 229th District Court.

No other action was taken in the case until January, 1988, when the minor plaintiff's guardian moved to change the depository of the trust funds and to transfer assets. In May 1988, Judge Salinas signed the order for the transfer. He also discharged First City [4] from liability, approved fees, and appointed Texas State Bank as trustee. At the time he signed these orders, Judge Salinas was sitting in the 92nd Judicial District Court of Hidalgo County. However, in administering the trust, the judge purported to act under the assignment of September 1986 authorizing him to try the personal injury case in the 229th District Court of Starr County. By mandamus procedure, First City challenged the judge's jurisdiction to order a transfer of trust funds, and to otherwise administer the trust under the 1986 order of assignment.

The language of the order of assignment for Judge Salinas was similar, if not identical, to the language of Judge Smith's assignment. After acknowledging that the visiting judge's assignment gave him the authority to hear matters growing out of cases tried by him during his assignment, 754 S.W.2d at 498, the court distinguished that authority from the judge's lack of authority to administer the trust, which was established pursuant to the parties' settlement of the case, and which through the language of the trust agreement itself, directly vested power over the trust in the judge of the 229th Judicial District Court.

Citing *Roberts*, the *Salinas* court announced the rule that, in the absence of the granting of a motion for new trial, a visiting judge's continuing authority ends 30 days after judgment. *Salinas*, 754 S.W.2d at 498. We believe this holding inapplicable to our factual situation for several reasons. The personal injury case tried by Judge Salinas had been settled and a judgment entered one and one-half years earlier. There is no indication that post-judgment discovery or any other post-judgment proceedings in the case had ever been undertaken in the trial court. In fact, the judgment in the case obviously had been paid, and its enforcement was not in issue. Further, the *parties* in *First City v. Salinas were not the same* as the parties to the underlying lawsuit. The general assignment granting authority to Judge Salinas did not include First City as a party, and First City did not become a party during the course of the proceeding, including the entry of judgment. Whatever rights accrued to First City when it became the successor in interest to the McAllen Bank, the hearing held by Judge Salinas approximately 18 months after judgment was the first time First City as an entity was presented with an opportunity to challenge the authority of the judge to act. The *Salinas* opinion notes that First City complained at that hearing of the judge's lack of authority to act.

In contrast, enforcement of the judgment, as yet unpaid or superseded, which was rendered and entered by Judge Smith, directly grows out of the primary case which Judge Smith was assigned to hear. As an extension of the primary suit, the post-judgment proceedings involve the same parties as those at trial of the primary case. Post-judgment discovery was begun immediately after entry of judgment at trial and serves to aid enforcement of

---

**4.** McAllen State Bank closed in April, 1988, and First City became successor in interest to the bank and the trust agreement.

the trial court's judgment. Unlike the situation in *Salinas*, where no rule authorized the judge's assumption of jurisdiction, rule 621a specifically provides for post-judgment *discovery* and *enforcement* of the judgment itself to be continued as *a part of the same suit in which the judgment was rendered.*

Finally, if *Salinas* is to be read to say that a visiting trial judge loses his power to act upon rule 621a matters concurrently with and purely because of the loss of his plenary power, without reference to the specific language of his assignment or other reason, we decline to adopt the holding. We respectfully suggest such a reading incorrectly expands the dictate of *Roberts v. Ernst*, 668 S.W.2d 843 (Tex.App.—Houston [1st Dist.] 1984, orig. proceeding).

In *Starnes v. Chapman*, 793 S.W.2d 104 (Tex.App.—Dallas 1990, orig. proceeding), the presiding judge of the First Administrative Judicial District of Texas appointed the Honorable Tom Ryan, senior judge of the 199th Judicial District, to sit in the 162nd District Court of Dallas County to hear a particular case. The order of assignment was directed to a specific case by cause number and in basically the same language that we have before us in this case, stating that Judge Ryan was "to pass on motions for new trial and all other matters growing out of cases tried by the judge herein assigned."

Judge Ryan granted summary judgment on one issue in the case and severed out all other claims. The summary judgment that he granted became final under the same cause number as contained in the original assignment of Judge Ryan. The severed portions of the case received separate and new cause numbers. The summary judgment was appealed. When the summary judgment was reversed and remanded, the administrative judge, Judge Chapman, appointed Ryan anew to hear the case on remand.

In addition, while the summary judgment was on appeal, Judge Chapman had appointed another senior judge (Judge Wright) to hear the severed portions of the case. When a party other than Starnes objected to that assignment under Tex. Gov't Code Ann. § 74.053, and Judge Wright was thereby disqualified, Judge Chapman reappointed Judge Ryan to hear the severed portions of the case. Starnes objected under Tex.Gov't Code Ann. § 74.-053 to both these new appointments of Ryan. Chapman overruled the objections, and Starnes sought mandamus.

The issue on mandamus, which is not the issue currently before us, was whether an objection to the *reappointment* of the visiting judge under Tex.Gov't Code Ann. § 74.053 was effective to disqualify Judge Ryan on the second trial of the case. It was. The reversal and remand of the case by the appellate court did not reinvest the judge with authority to hear the case under the terms of his original assignment. In reaching this result, the court acknowledged that the original assignment authorized Judge Ryan to complete trial of the case and to pass on motions for new trial and all other matters growing out of the case. However, the remand did not reinvest the judge with authority to hear the case. Since Judge Ryan had to be reassigned, Starnes' timely objection to his reassignment was effective to disqualify him from the case. 793 S.W.2d at 106.

As for the severed portions of the case, since the administrative judge had imposed an intervening order assigning Judge Wright to hear that case, the later assignment of Judge Ryan was also a new assignment. Therefore Starnes' same objection under the government code was effective to disqualify him in those portions of the case as well. 793 S.W.2d at 107.

We find *Starnes* distinguishable from our case. Like *Roberts*, the *Starnes* case involves the extent of a visiting judge's authority in the same cause after a motion for new trial had been granted. Unlike *Roberts*, it does not construe the language of the order of assignment. In this case, Judge Smith did not grant a motion for new trial, moreover, if he had, there would be no rule 621a matters to consider in any event.

The *Starnes* opinion cites *Salinas* for the following proposition: "When the time

periods for filing and ruling on motions for new trial on the April 13, 1988, judgment expired and the appeal was perfected in this Court, not only did Judge Ryan's plenary power over the cause expire, but also his assignment." *Starnes* at 106, citing *Salinas,* 754 S.W.2d at 498. Again, we hold that in the limited scope of ruling on 621a matters, this does not necessarily follow.

Relator also relies on *Curtis v. State,* 762 S.W.2d 958 (Tex.App.—Dallas 1988, orig. proceeding), which we find distinguishable as well. *Curtis* involved a visiting judge who purported to transfer a case after a timely objection to his appointment had been filed pursuant to TEX.GOV'T CODE ANN. § 74.053. Since the objection operated to automatically disqualify the judge from hearing the case, the transfer order was void. This case is inapposite because there is no issue before us involving any attempt to disqualify Judge Smith from acting in the post-judgment discovery phase of the case under TEX.GOV'T CODE ANN. § 74.053 (Vernon Supp.1991).

We further acknowledge the recent opinion of the Fifth Court of Appeals in *Ex parte Holland,* 807 S.W.2d 827 (Tex.App.—Dallas 1991, writ requested). *Holland* perpetuates reliance on the principle that a visiting judge's authority is absolutely limited by the extent of his plenary power. In light of our determination that Rule 621a specifically extends the judge's power to rule in post-judgment discovery matters, we find the *Holland* case to be inapplicable.

Rule 329b

Finally, we find relator's reliance on TEX. R.CIV.P. 329b to be misplaced. Specifically distinguishing between the operation of rule 329b and rule 621a, the supreme court has held that while no judge has the power to vacate, modify, correct, or reform a judgment 30 days after it is signed, the court's power to enforce its judgment is not so limited. *Arndt v. Farris,* 633 S.W.2d at 499.

Judge Smith had continuing power to *enforce* his judgment. TEX.R.CIV.P. 621a. Just as rule 621a extends the trial court's jurisdiction, the authority of the visiting judge to hear rule 621a matters growing out of the cases he tries under the terms of his assignment also continues *absent a limitation in the language of his assignment. See* TEX.GOV'T CODE ANN. § 74.054, et seq. (Vernon Supp.1991).

Waiver.

Sam Houston contends that relator waived any objection to the visiting judge. As we have decided the case on other grounds, it is unnecessary for us to consider the potential of waiver by relator in failing to make any objection until months after Judge Smith began ruling under 621a.

Our granting of relator's motion for leave to file is withdrawn as improvidently granted, and the motion for leave to file is overruled.

O'CONNOR, J., dissents.

O'CONNOR, Justice, dissenting.

I dissent. Judge Bradley Smith had no power to act in this case after his plenary power expired on October 4, 1989.

On July 11, 1989, after a jury trial, Judge Bradley Smith sitting as a visiting judge on the 234th Judicial District Court, entered a final judgment in favor of plaintiff, Sam Houston, the real parties in interest, against defendant, Dr. William E. O'Connor,[1] the relator, for damages resulting from an unpaid loan and breach of a lease. The judgment in that case became final on October 30, 1989.[2]

Typical orders of assignment for a visiting judge contain the directive that the assignment is to continue until the visiting judge completes the trial of any cases begun during the period of assignment, pass-

---

**1.** I am not related in any degree, by any method of computing degrees, with William E. O'Connor. TEX.REV.CIV.STAT.ANN. art. 5996h (Vernon Supp.1991).

**2.** After the trial of this case by Judge Smith, Judge Sondock, the sitting judge of the 234th Judicial District Court, made a post-trial ruling on a motion. Judge Smith then continued to make other rulings.

es on motions for new trial, and "all other matters growing out of cases tried by the visiting judge." That directive is the same one in the assignment of Judge Smith, and the same one used in four cases that have addressed the issue of the continuing authority of a visiting judge. *See Ex parte Holland,* 807 S.W.2d 827, 828 (Tex.App.—Dallas 1991, orig. proceeding); *Starnes v. Chapman,* 793 S.W.2d 104, 105 (Tex. App.—Dallas 1990, orig. proceeding); *First City Bank v. Salinas,* 754 S.W.2d 497, 498 (Tex.App.—Corpus Christi 1988, orig. proceeding); *Roberts v. Ernst,* 668 S.W.2d 843, 844 (Tex.App.—Houston [1st Dist.] 1984, orig. proceeding).[3]

In *Holland,* the court held the visiting judge's power expired when the plenary power expired, that is, when the judgment became final. 807 S.W.2d at 829. The visiting judge in *Holland,* could not hear a motion for contempt filed after a divorce case unless he was reappointed. *Id.* at 828. In *Starnes,* the court held the visiting judge's power lapsed when the appeal was perfected. 793 S.W.2d at 106. The visiting judge in *Starnes* could not rehear a case that was reversed and remanded unless he was reappointed. *Id.* In *Salinas,* the court held the visiting judge's power lapsed upon the loss of his plenary power. 754 S.W.2d at 498. The visiting judge in *Salinas* could not take any action with regard to a trust established by the judgment. *Id.* In *Roberts,* the court held that a visiting judge's appointment lapsed when he granted a new trial. 668 S.W.2d at 846. The visiting judge in *Roberts* could not set aside a motion for continuance granted by another judge in the same case after he granted the motion for new trial. *Id.*

Of the four cases, the facts in *Holland* and *Salinas* are closest to the ones in this case. In *Holland* and *Salinas,* the court distinguished matters that grow out of the case from those that grow out of the judg-

ment. When a matter arises as a result of the *judgment,* the *Holland* court said it is ancillary and a visiting judgment may not hear the matter. 807 S.W.2d at 829–30. When a matter arises as a result of the *case,* that court said it is not ancillary and a visiting judgment may hear the matter. *Id.* In *Salinas,* the court held that a trust matter that grew out of the judgment, not the case, was an ancillary matter that the visiting judge could not decide. 754 S.W.2d at 498. In *Holland,* the court held that a motion for contempt grew out of the judgment, not the case. 807 S.W.2d at 829.

The *Holland* opinion is particularly important to the resolution of this case. In *Holland,* the wife argued that the Family Code, which vests continuing jurisdiction in the court, vested the visiting judge with continuing authority to rule. 807 S.W.2d at 828. The Dallas Court of Appeals rejected the argument, and held the trial court's continuing jurisdiction in family law matters did not vest the visiting judge with continuing authority to act. *Id.* at 830. For the same reason the *Holland* court rejected the argument of the continuing authority of the visiting judge under the Family Code, we should reject the argument that TEX.R.CIV.P. 621a vests the visiting judge with continuing authority to act after the loss of plenary power.

If we apply the rationale of *Holland* and *Salinas,* the post-judgment discovery is a matter that grew out of the judgment, not the case, and thus was an ancillary matter that the visiting judge could not decide. If we apply the specific rationale of *Holland,* rule 621a does not extend the authority of a visiting judge beyond the loss of plenary power.

The judgment in this case became final on October 30, 1989. If we follow *Holland, Starnes, Salinas,* and *Roberts,* we should hold that Judge Smith's authority to rule as a visiting judge in this case ended

---

**3.** Slightly different language was contained in the appointment in *Ex parte Eastland,* 811 S.W.2d 571 (Tex.1991), where the judge's assignment was to continue as long as it was necessary for him to complete the trial of any case "begun during this period and to pass on any motions for new trial." The assignment did not contain the "all other matters" language. In *Eastland* the supreme court said the visiting judge's power expired thirty days after judgment because no motion for new trial was filed. The *Eastland* court cited *Holland, Starnes, Salinas,* and *Roberts* with approval. *Id.* 811 S.W.2d at 572.

**348**

that day. Any order entered after that date by Judge Smith was void. *See Ex parte Eastland,* 811 S.W.2d 571 (Tex.1991).

The rule that a visiting judge looses the authority to act when he looses plenary power over the case has practical reasons to support it. Ancillary matters continue years after the judgement is rendered. If the majority is correct, a visiting judge could be involved in a case until all ancillary matters are completely resolved, or the visiting judge dies, whichever occurs first.[4] If there is a need to have the visiting judge hear the ancillary matters, it would be a simple thing to have the judge be re-appointed.

---

**4.** The cases on recusal do not directly address the issue, but most assume as an unstated premise that only one judge has the power to control a case. If so, and if the majority is correct, the visiting judge will be called back again and again, perhaps for years, to resolve ancillary issues in the case.