

# COURT OF APPEALS

**SECOND DISTRICT OF TEXAS**

**FORT WORTH**

## NO. 02-14-00339-CV

IN THE INTEREST OF B.T.,
A CHILD

----------

FROM THE 90TH DISTRICT COURT OF YOUNG COUNTY
TRIAL COURT NO. 31091

----------

## MEMORANDUM OPINION[1]

----------

Appellee M.T. (Father) filed for divorce from Appellant K.T. (Mother) in April 2010. On February 8, 2012, while the divorce was still pending, the Honorable David Cleveland, Senior District Judge of the 29th Court, was

> assigned to preside in Cause Number 31091, Marriage of [M.T.] & [K.T. and in the interest of K.T. and B.T.], children[,] from this date until plenary jurisdiction has expired or the . . . Presiding Judge has

---

[1]*See* Tex. R. App. P. 47.4.

terminated this assignment in writing, whichever occurs first. In addition, whenever the assigned judge is present in the county of assignment for a hearing in this cause, the judge is also assigned and empowered to hear at that time any other matters that are presented for hearing in other cases.[2]

Judge Cleveland rendered a judgment of divorce on June 4, 2013, but did not sign the final decree of divorce at that time. In October 2013, with the decree not yet signed, Father filed a petition to modify the terms and conditions of Mother's access to and possession of the children and an application for a protective order. A hearing was set for November 13, 2013. Mother, pro se, filed a motion for continuance for more time to either find an attorney or to prepare to represent herself in the modification suit. On November 13, 2013, Judge Cleveland signed the final decree of divorce. The decree provided for Mother to have "no possession, access, or contact of any kind" with the oldest daughter, K.T., who is now nineteen years old, and to have two visits a month with the youngest daughter, B.T., supervised by Mother's stepfather or another person authorized by Father. Also on November 13, Judge Cleveland granted Mother's request for continuance of the hearing on Father's petition to modify, setting the

---

[2]On our own motion, we take judicial notice of the record in *K.T. v. M.T.*, No. 02-14-00044-CV (Tex. App.—Fort Worth Aug. 13, 2015, no pet. h.) (mem. op.). We have obtained the assignment order from the clerk's record in that appeal. *See* Tex. R. Evid. 201; *Tello v. Bank One, N.A.*, 218 S.W.3d 109, 113 n.4 (Tex. App.—Houston [14th Dist.] 2007, no pet.) (taking judicial notice of pleadings included in appellate record for another appeal in same trial court case); *see also In re N.Q.*, No. 02-09-00159-CV, 2010 WL 2813425, at *1 n.2 (Tex. App.—Fort Worth July 15, 2010, no pet.) (mem. op.) (same).

hearing for December 3, 2013, along with the hearing on his application for a protective order.

Mother filed a written objection to the assignment of Judge Cleveland on November 26, 2013, in anticipation of the hearing on the protective order. She also filed a motion to recuse him on December 3, 2013, as well as her answer in the modification suit. On December 9, 2013, she filed another objection to Judge Cleveland's assignment to the modification suit. On December 13, 2013, after the presiding administrative judge denied her first motion to recuse, Mother filed a second motion to recuse Judge Cleveland. On that same day, Mother filed a timely motion for new trial in the divorce.

On December 17, 2013, Father filed a motion to dismiss Mother's second motion to recuse. Judge Cleveland declined to recuse himself and referred the case to the administrative judge. The presiding administrative judge heard and denied the motion to recuse on December 20, 2013.[3]

The hearing on Father's petition to modify was reset to February 3, 2014. On January 29, 2014, Mother filed a motion for continuance, citing her counsel's unavailability. Judge Cleveland granted the continuance, and the hearing was reset for February 18, 2014. On February 14, 2014, Mother filed a

---

[3]Mother raises recusal issues in her appeal from the divorce decree. *See K.T.*, No. 02-14-00044-CV, at *3–6.

counterpetition to modify and request for temporary orders, and the modification hearing was moved to April 2, 2014.

On March 25, 2014, the parties filed an agreed motion for continuance. The modification hearing was then reset to May 20, 2014. On May 16, 2014, Father filed a motion for continuance, citing his counsel's unavailability. Judge Cleveland granted the continuance, and the hearing was reset for August 13, 2014.

Finally, on August 11, 2014, Mother filed a motion for continuance "in an attempt to avoid a conflict in the scheduling of a separate criminal court proceeding which the attorney of record . . . is required to attend." On August 13, 2014, Mother appeared pro se at the hearing. Judge Cleveland denied Mother's motion for continuance, stating that her attorney was in municipal court, which did not take precedence over the proceedings in the district court.

At the modification hearing, the parties presented conflicting accounts of an incident that occurred on September 15, 2013 and which prompted Father to file the petition to modify. Father testified that on that date, he went to pick up B.T. from the home of Mother's mother and stepfather but Mother "refused to turn [B.T.] over" to him. He testified,

> [B.T.] tried to escape through the front of the house. Finally, [she] got back out of the back of the house. I grabbed [B.T.] to pull her when she was screaming[,] "Help me, Daddy," and when I reached down to pull her, [Mother] attacked me and gouged my face.

4

I got [B.T.] in the pickup to leave. As we were trying to get out of the driveway, [Mother] opened [B.T.]'s door. I went and stood between [Mother] and [B.T.], and [Mother] then threw me to the ground. And so I finally got away from her and got [B.T.] away and went and made my police report.

Father testified that Mother's mother and stepfather were supposed to be supervising B.T.'s visits with Mother, but they were upstairs in bed when he picked up B.T. After that incident, Father filed the petition to modify and asked the trial court to change the supervisor.

On cross-examination, Mother suggested that B.T. was upset because originally, Father's girlfriend was going to pick her up, and Mother testified that the reason she did not immediately release B.T. to Father was that she "was trying to fix [B.T.] a good high protein breakfast." Mother further suggested that Father "came and was banging on the door, cussing, saying GD, open the MF door." Father replied that he only banged on the door after Mother pulled B.T. into the house and B.T. began screaming for him.

The trial court granted Father's petition to modify, and Mother now appeals.

In her second issue, Mother contends that the divorce decree dismissed the modification proceedings. Mother is incorrect. As Mother provides in her brief, a petition to modify is a separate suit filed in the court of continuing

5

jurisdiction.[4]  An affected party is entitled to notice by service of citation.[5]  As a separate suit on independent footing, the modification suit was not affected by the visiting judge's ministerial act of signing the divorce decree.[6]  We overrule Mother's second issue.

In her first issue, Mother contends that Judge Cleveland's orders in the modification action are void due to the lack of a valid order assigning him.  We agree in part.  As our sister court in Texarkana has explained,

> The Texas Government Code allows for the assignment of retired judges as visiting judges.  Generally, visiting judges are assigned either for a period of time or for a particular case.  The terms of the assignment order control the extent of the visiting judge's authority and when it terminates.  The term of a visiting

---

[4]*See* Tex. Fam. Code Ann. § 156.004 (West 2014); *Finley v. Wilkins*, No. 07-07-00448-CV, 2009 WL 1066072, at *2 (Tex. App.—Amarillo Apr. 20, 2009, no pet.) (mem. op.) ("[T]he focal point of the modification process lies not on what existed before entry of the final judgment but rather on what occurred or arose *after* entry of that decree.  In view of this, we cannot but consider the two matters as distinct suits or legal proceedings, even though they may have the same cause number."); *see also Hicks v. Rodriguez*, No. 03-08-00040-CV, 2010 WL 532394, at *3 & n.1 (Tex. App.—Austin Feb. 10, 2010, no pet.) (mem. op.) (using the logic of *Finley* in distinguishing enforcement suit from divorce).

[5]Tex. Fam. Code Ann. § 156.003 (West 2014).

[6]*See Blackburn v. Blackburn*, No. 02-12-00369-CV, 2015 WL 2169505, at *5 (Tex. App.—Fort Worth May 7, 2015, no. pet.) (mem. op.); *see also Dunn v. Dunn*, 439 S.W.2d 830, 832–33 (Tex. 1969) (holding that oral rendition of divorce constituted final judgment even though judgment was not signed until after spouse's death).

judge's assignment depends on the language used in the order of assignment.[7]

We must read the assignment order as a whole, not placing form over substance.[8]  A visiting judge's orders rendered after his authority has expired are void.[9]

On February 8, 2012, Judge Cleveland was

> **assigned to preside in Cause Number 31091, Marriage of [M.T.] & [K.T. and in the interest of K.T. and B.T.], children from this date until plenary jurisdiction has expired** or the . . . Presiding Judge has terminated this assignment in writing, **whichever occurs first.**  In addition, whenever the assigned judge is present in the county of assignment for a hearing in this cause, the judge is also assigned and empowered to hear at that time any other matters that are presented for hearing in other cases.  [Emphasis added.]

At the time of the assignment, the only matter pending in Cause Number 31091 was the divorce.  The divorce decree was signed November 13, 2013.  Mother filed a timely motion for new trial, which was overruled by operation of law on January 27, 2014.[10]  Judge Cleveland's plenary power in the divorce thus expired thirty days later, or February 26, 2014.[11]  But Father filed the application

---

[7]*In re B.F.B.*, 241 S.W.3d 643, 645 (Tex. App.—Texarkana 2007, no pet.) (citations and internal quotation marks omitted).

[8]*Id.* at 646; *see also In re Richardson*, 252 S.W.3d 822, 829 (Tex. App.— Texarkana 2008, orig. proceeding).

[9]*Ex parte Eastland*, 811 S.W.2d 571, 572 (Tex. 1991) (orig. proceeding).

[10]*See* Tex. R. Civ. P. 329b(a), (c).

[11]*See* Tex. R. Civ. P. 329b(e); *L.M. Healthcare, Inc. v. Childs*, 929 S.W.2d 442, 444 (Tex. 1996) (op. on reh'g) ("The trial court's plenary jurisdiction cannot

7

for protective order and petition for modification in Cause Number 31091 before Judge Cleveland's plenary power expired over the divorce. Reading the assignment order as a whole, as we must,[12] we hold that Judge Cleveland had authority to rule on those additional matters filed in Cause Number 31091 while his plenary power that began on the date of the assignment order remained.

To the extent that Mother relies on *In re Honea*[13] to argue that Judge Cleveland lacked authority to rule on the modification (and, for that matter, the protective order) matters pending through February 26, 2013, we point out that *Honea* was not concerned with the expiration of Judge Cleveland's plenary power, and therefore jurisdiction, but with the timeliness of an objection to him serving as a visiting judge in a third family law action pursuant to an assignment order signed after the second action began.[14] *Honea* contains no suggestion that the parties filed a postjudgment motion after the second action's resolution

---

extend beyond 105 days after the trial court signs the judgment."); *see also Smith v. McKee*, 145 S.W.3d 299, 301 n.1 (Tex. App.—Fort Worth 2004, no pet.) (providing that all proceedings occurring after the trial court lost plenary power were void).

[12]*See B.F.B.*, 241 S.W.3d at 646; *see also Richardson*, 252 S.W.3d at 829.

[13]415 S.W.3d 888 (Tex. App.—Eastland 2013, orig. proceeding).

[14]*Id.* at 890–91.

that extended Judge Cleveland's plenary power past the filing date of the third action.[15] *Honea* is therefore distinguishable on its facts.

Likewise, to the extent that Father relies on *Connaly v. State*[16] for the proposition that Mother has failed to overcome the presumption of judicial regularity by failing to prove a negative, that is, by failing to prove that another assignment order does not exist to validate all of Judge Cleveland's actions after February 26, 2014, we note that no assignment order at all was present in *Connaly*.[17] Here, however, the parties have referenced, and we have judicially noticed, the only assignment order present in the proceedings appealed from in Cause Number 31091. When applied to the procedural facts here, that assignment order alone is a sufficient basis for our conclusion that all actions taken by Judge Cleveland after February 26, 2014, the day his plenary jurisdiction expired over the divorce, are void. *Connaly* is thus also distinguishable on its facts.

Because we hold that all of Judge Cleveland's post-February 26, 2014 actions in Cause Number 31091 are void—and chief among those actions are his hearing and ruling on Father's petition to modify—we sustain Mother's first issue

---

[15]*See id.*

[16]No. 02-08-00264-CR, 2009 WL 1650028 (Tex. App.—Fort Worth June 11, 2009, no pet.) (mem. op., not designated for publication).

[17]*Id.* at *1.

in part and overrule it in part. Our resolution of Mother's first and second issues is dispositive of this appeal; we therefore do not reach her remaining issues challenging the denial of her motions for continuance and contending that Judge Cleveland abused his discretion by limiting her visitation with B.T. to eight supervised hours per month.[18]

Having held that all orders Judge Cleveland signed in Cause No. 31091 after February 26, 2014 are void, we vacate them and dismiss this appeal, returning the parties to the position in the trial court that they were in on February 26, 2014.[19]

/s/ Lee Ann Dauphinot
LEE ANN DAUPHINOT
JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and GABRIEL, JJ.

DELIVERED:  August 13, 2015

---

[18] *See* Tex. R. App. P. 47.4.

[19] *See, e.g., Slay v. Nationstar Mortg., L.L.C.*, No. 02-09-00052-CV, 2010 WL 670095, at *2 (Tex. App.—Fort Worth 2010, pet. denied).