

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-08-00030-CV

_____

IN RE:  CHARLES WILLIAM RICHARDSON

Original Mandamus Proceeding

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Justice Moseley

OPINION

This involves a case pending in a trial court in which Charles William Richardson and Regions Bank are defendants and Southwest Construction Receivables, Ltd., Construction Invoice Funding, Ltd., Dennis O'Banion, and Dan A. Moore are plaintiffs.

Relator, Charles William Richardson, co-defendant below (joined by Regions Bank), has filed his petition for writ of mandamus and for writ of prohibition. At issue is the continued authority of the Honorable Paul Banner, sitting by assignment to the case pending in the 202nd Judicial District Court of Bowie County; relator maintains that Banner's assignment terminated in February 2007.

Richardson and Regions (to whom we make reference jointly herein simply as Richardson unless it is necessary to specify certain acts taken individually by Regions) and the real parties in interest (whom we jointly call Southwest herein) have been embroiled in litigation of allegations of fraud and civil conspiracy for almost ten years; the suit was the subject of a prior appeal to this Court[1] wherein we addressed a partial summary judgment signed by the then-presiding judge of the 202nd Judicial District Court, the late Honorable William L. Peek, Jr. This Court remanded the case to the 202nd Judicial District Court.

---

[1]*Sw. Constr. Receivables, Ltd. v. Regions Bank*, 162 S.W.3d 859 (Tex. App.—Texarkana 2005, pet. denied). The details of the nearly ten years of litigation leading up to this point are not necessary to this opinion, but a thorough statement of the facts in the underlying litigation is reflected in that opinion.

2

By the time the case was received by the trial court on remand, the Honorable Leon F. Pesek, Jr., had succeeded Judge Peek and had become the presiding judge of the 202nd Judicial District Court. Judge Pesek signed an order of referral on the trial court's own motion to recuse on February 27, 2007, and stated that he "recuse[d] [himself] and request[ed] that the Presiding Judge of the First Administrative Region assign a judge to hear the above case," citing TEX. R. CIV. P. 18a.[2]

In response to the trial court's order of referral and request, the Honorable John Ovard, Presiding Judge of the First Administrative Region, signed an order of assignment, assigning the Honorable Paul Banner in Judge Pesek's stead; the parties are now at odds over the purpose and extent of Banner's assignment. The order of assignment is consistent in form with the several orders of assignment we and the other courts in Texas regularly see each year[3] and reads as follows:

Pursuant to Article 74.056, Texas Government Code, I hereby assign the:

Honorable Paul Banner,

Senior Judge of The 196th District Court

To The 202nd District Court of Bowie County, Texas,

This assignment is for the period of 1 days [sic] beginning 2/28/2007, providing that the assignment shall continue after the specified period of time as may

---

[2]Rule 18a deals specifically with the procedure to be followed when seeking to have the trial judge "before whom the case is pending" removed from hearing the case. A party may file a motion advancing "any disability of the judge to sit in the case." TEX. R. CIV. P. 18a(a).

[3]At the annual meeting of the Council of Presiding Judges, the Council is directed to "consider uniformity in the administration of Chapter 74 of the Texas Government Code in the various administrative regions." TEX. R. JUD. ADMIN. 3(e)(3).

3

be necessary for the assigned Judge to complete trial of any case or cases begun during this period, and to pass on motions for new trial and all other matters growing out of cases tried by the Judge herein assigned during this period, or the undersigned presiding judge has terminated this assignment in writing, whichever occurs first.

CONDITION(S) OF ASSIGNMENT [IF ANY]:

To hear Cause No. 99C985-202; Southwest Construction Receivables, LTD, et al vs. Regions Bank.[4]

On May 24, 2007, Judge Banner presided over a hearing on Southwest's motion to reconsider the trial court's granting of summary judgments at issue in the aforementioned appeal decided in 2005 by this Court.

## I.      Examining Availability of Mandamus

We must first respond to Southwest's contention that the issue before us is not yet ripe because Richardson's suggestion of expiration of the appointment is still pending before the trial court, understanding that contention to be one challenging the availability of mandamus relief on these facts.[5]   Regions filed a similar suggestion of expiration on January 22, 2008, and Judge Banner denied that suggestion.  With that in mind, we look to the principles explained in *In re Perritt*, 992 S.W.2d 444 (Tex. 1999), in which the Texas Supreme Court addressed a similar issue.

---

[4]The handwritten date of entry made by Judge Ovard in the order is obviously in error, stating that it was signed in 2008 and not in 2007. This blatant mistake was not raised as error and is not relevant.

[5]We observe that since Richardson and Regions maintained that Judge Banner's authority had already expired, then they were faced with seeking an order from the very judge whose authority they maintained had expired under the terms of his appointment; this is something of a classic "Catch 22" situation.

4

In *Perritt*, individuals who had eaten at a Golden Corral restaurant (real parties in interest in the *Perritt* case), brought suit against the Perritts as franchisees, along with Golden Corral Corporation and Golden Corral Franchising Systems, franchisors. *Id.* at 445. Golden Corral Corporation (Golden Corral) objected to the judge who had been assigned to hear the Perritts' motion to recuse the trial judge and the assigned judge overruled Golden Corral's objection. Based on Golden Corral's objection, the Perritts sought mandamus relief from an intermediate court of appeals. The court of appeals denied the Perritts' petition, and the Perritts then sought mandamus relief from the Texas Supreme Court. *Id.* at 446. Golden Corral moved to join as relators. *Id.* The court noted that the record showed that the Perritts neither joined Golden Corral's objection at the trial court nor independently lodged an objection to the assigned judge. *Id.*

The real parties in interest maintained that the Perritts' failure to independently object defeated their right to mandamus. *Id.* The court explained that, as a general rule, the right to mandamus relief does require a predicate request by the applicant for relief and a refusal of that request. *Id.* On "rare occasions," however, the court relaxes that requirement, one occasion being a situation in which "the request would have been futile and the refusal little more than a formality." *Id*. at 446 (quoting *Terrazas v. Ramirez*, 829 S.W.2d 712, 723 (Tex. 1991)). The court pointed out that Golden Corral's objection advised the trial court of the grounds for objection and noted that the Perritts' objections would have been the same as Golden Corral's. The court concluded, therefore,

5

that the Perritts need not have joined in Golden Corral's objection, again with the notation that these are "unusual circumstances." *Id*.

In the present case, we first note that Regions has joined in Richardson's petition as Golden Corral similarly did in the Perritts' petition to the Texas Supreme Court. Here, we need not speculate that Richardson's suggestion of expiration *would have* been the same as Regions; here, both suggestions of expiration are in the record and are essentially the same. Due to this, we know that Richardson's suggestion takes the precise position as that taken by Regions in its suggestion of expiration which had been previously rejected, making this an appropriate circumstance in which to relax the "refused request" requirement for seeking mandamus relief. Judge Banner had considered and rejected the very same position as that espoused by Regions less than three weeks earlier. His denial of Richardson's very same argument is "little more than a formality." We conclude that mandamus relief is not unavailable, under the unique circumstances here, despite the fact that Richardson's suggestion of expiration has not been acted upon and, thus, is still technically pending before the trial court.

Richardson seeks, through an application for a writ of prohibition, to bar Judge Banner from taking further actions in the case and to mandamus his stepping aside. Ordinarily, to obtain mandamus relief or be granted a writ of prohibition, the relator must also show that he has no adequate remedy at law. *In re Lewis*, 223 S.W.3d 756 (Tex. App.—Texarkana 2007, no pet.). Of course, we know that Richardson could urge his contention on direct appeal of a final judgment

6

signed by Judge Banner. Such was the route taken in *In re B.F.B.*, 241 S.W.3d 643 (Tex. App.—Texarkana 2007, no pet.). Nonetheless, the availability of remedy by direct appeal does not diminish Richardson's right to seek mandamus relief. It is well established that this no-adequate-remedy-at-law requirement is relaxed when the writ is sought against a trial judge who is acting without authority. *See In re Union Pac. Res. Co.*, 969 S.W.2d 427, 428 (Tex. 1998) (party seeking mandamus need not show it has no adequate remedy by appeal when trial judge's orders are void); *see also Dunn v. Street*, 938 S.W.2d 33, 34 (Tex. 1997).

Generally speaking, a judgment is void when it is apparent that the court rendering judgment had no capacity to act. *Browning v. Prostok*, 165 S.W.3d 336, 346 (Tex. 2005). More specifically, when a trial judge's actions exceed the scope of his assignment, his acts are without authority and his actions are void. *See Ex parte Eastland*, 811 S.W.2d 571, 572 (Tex. 1991); *B.F.B.*, 241 S.W.3d at 647; *In re Nash*, 13 S.W.3d 894, 899 (Tex. App.—Beaumont 2000, orig. proceeding); *Ex parte Holland*, 807 S.W.2d 827, 830 (Tex. App.—Dallas 1991, orig. proceeding); *Starnes v. Chapman*, 793 S.W.2d 104, 107 (Tex. App.—Dallas 1990, orig. proceeding). Mandamus will issue to vacate an order that is void. *See Union Pac. Res.*, 969 S.W.2d at 428; *see also Eastland*, 811 S.W.2d at 572 (granting writ of habeas corpus when trial judge was without authority to enter order of contempt).

## II. Examining the Scope of the Assignment Order

The parties have directed us to cases examining similar issues dealing with the extent of the language contained in an order of assignment and the extent of the authority granted by that

7

language.  Relators rely heavily on *In re Republic Parking Systems of Texas, Inc.*, 60 S.W.3d 877 (Tex. App.—Houston [14th Dist.] 2001, orig. proceeding), and our decision in *B.F.B.*, 241 S.W.3d 643.

In *Republic Parking*, three days before the April 30, 2001, trial setting, the presiding judge of the Second Administrative Judicial Region assigned Judge Eric Andell to the 133rd Judicial District Court.  60 S.W.3d at 879.  The order of assignment stated:

> This assignment is for the period of one day, beginning the 30th day of April, 2001, provided that this assignment shall continue after the specified period of time as may be necessary for the assigned Judge to complete trial of any case or cases begun during this period, and to pass on motions for new trial and all other matters growing out of cases tried by the Judge herein assigned during this period.

*Id.*  On April 30, Judge Andell called the case to trial, but because Republic Parking's counsel was unavailable, the trial was reset for June.  *Id.*  During May, Judge Andell heard and issued orders on several pretrial and discovery matters.  *Id.*  Before the case was called to trial in June, the Harris County courthouses suffered extensive damage in a tropical storm, forcing Judge Andell to abandon the May trial setting and reset the case for October 2001.  Judge Andell was appointed as special counsel to the United States Secretary of Education and was thus no longer available to act as judge in the case.  *Id.*  Shortly thereafter, Judge McCorkle[6] resumed control of the case.

---

[6]Although the *Republic Parking* opinion does not spell this out, it is assumed from the context that the "Judge McCorkle" to whom reference is made therein is Judge Lamar McCorkle, presiding judge of the 133rd Judicial District Court.

Republic Parking took the position that, without an order from the regional presiding judge terminating the former assignment, Judge Andell still had exclusive control of the case and that Judge McCorkle was without authority to act in the matter. Republic Parking asked the Houston–Fourteenth Court to prohibit Judge McCorkle from presiding over the case without an order from the regional presiding judge and to declare void any orders Judge McCorkle had issued since the visiting judge had been assigned. *Id.* The essence of Republic Parking's contention was that the assignment order gave Judge Andell authority over the case to the exclusion of any other judge. *Id.*

The court disagreed with Republic Parking and denied the petition for writs of mandamus and prohibition, concluding that Judge Andell's authority over the case expired on April 30, 2001, when the case, though scheduled for trial, did not begin on that date. The court was careful to note that the assignment at issue was for only a limited duration and did not operate to assign Judge Andell to a particular case. The general assignment for a period of time did not give Judge Andell exclusive authority over the case until it was finally resolved.

Richardson relies on *Republic Parking* for the proposition that the visiting judge does not attain authority over a case under such an assignment when the trial is not begun on the date specified in the order. First, we note that the order at issue in *Republic Parking* did not include any notation in the conditions of assignment as does the one at issue in the instant case. Second, due to

9

the precise issue presented, the Houston–Fourteenth Court had to address Judge Andell's authority

in terms of exclusive authority.[7]

Richardson also relies heavily on our recent opinion in *B.F.B.*, in which we concluded that

Judge Banner was without the authority to hear the merits of another, unrelated case in which we

determined that the resulting final judgment entered in it was, thus, void.  241 S.W.3d at 647.  After

a party to the underlying suit sought to recuse the elected and presiding judge, Judge Ovard issued

the following order:

> [Pursuant] to Rule 18a, Texas Rules of Civil Procedure, I hereby assign the:
>
> Honorable Paul Banner,
>
> Senior Judge of The 196th District Court
>
> To The County Court at Law - Bowie [sic] of Bowie County, Texas.
>
> This assignment is for the purpose of the assigned judge hearing a Motion to Recuse as stated in the Conditions of Assignment. This assignment is effective immediately and shall continue for such time as may be necessary for the assigned judge to hear and pass on such motion.

---

[7]Since Judge McCorkle was the regularly elected and presiding judge of the court in which the case was pending, Republic Parking did not challenge his qualification or his authority in general. Instead, it argued that the general assignment gave exclusive jurisdiction to visiting Judge Andell. Although the *Republic Parking* court relied on *In re Cook Children's Medical Center*, 33 S.W.3d 460, 463 (Tex. App.—Fort Worth 2000, orig. proceeding), for the proposition that general order allowing assignment to continue on all matters "growing out of any cause heard" may give a visiting judge that hears any motion in a cause exclusive jurisdiction over that cause, it does express some concern with that position. *See* 60 S.W.3d at 879–80 n.5.  Indeed, the Fort Worth Court reconsidered that position and concluded that *Cook's Children's Medical Center* was "wrongly decided." *Davis v. Crist Indus., Inc.*, 98 S.W.3d 338, 342 (Tex. App.—Fort Worth 2003, pet. denied).

CONDITION(S) OF ASSIGNMENT:

Cause No. 05C1420; [name redacted] Children.

*Id.* at 645. Visiting Judge Banner denied the motion to recuse as untimely because the case had been set for a final hearing that very day. *Id.* After denying the motion to recuse, the visiting judge announced: "[n]ow, the next thing is the case is set on the merits. The elected judge of this county has yielded, which means he is not going to hear [this case]. I'm sitting here now under a general assignment and the case will proceed to trial." *Id.*

We noted in *B.F.B.* that, generally, visiting judges are assigned either for a period of time or for a particular case. *Id.* (citing *Republic Parking Sys.*, 60 S.W.3d at 879); *see In re Canales*, 52 S.W.3d 698, 701 (Tex. 2001). Recognizing that the terms of the assignment order control the extent of the visiting judge's authority and determine when that authority terminates, we turned to the language of the order. *B.F.B.*, 241 S.W.3d at 645. The real parties in interest in *B.F.B.* responded that the notation of the cause number under "Conditions of Assignment" made the assignment a general assignment and gave Judge Banner the authority to hear the case. *Id.* at 646. We rejected that contention because the preceding language explicitly limited the scope of the assignment. *Id.* The assignment order was made pursuant to Tex. R. Civ. P. 18a relating to motions to recuse and specifically stated that the purpose of the assignment was "for the purpose of the assigned judge hearing a Motion to Recuse." *B.F.B.*, 241 S.W.3d at 646. Having concluded in *B.F.B.* that the order gave Judge Banner only the authority to hear the motion to recuse, we then concluded that he acted

11

without authority to proceed further to hear the case on the merits. *Id.* Since the issue was raised on direct appeal rather than on petition for extraordinary relief, we reversed the order and remanded the cause to the trial court for further proceedings consistent with our opinion. *Id.* at 647.

As is apparent from the language of the orders examined in *Republic Parking* and *B.F.B.*, the order of assignment at issue here is distinguishable. Neither case is directly on point since we have an order which could either be read to grant authority for one day or to grant Judge Banner authority "to hear" the particular case referenced. We then must reconcile what may seem to be conflicting language in the order of assignment: Was Judge Banner generally assigned for a period of one day only or was he assigned to hear a specific cause?

Our research has yielded no case examining the precise language employed in this assignment order. Perhaps the most helpful analysis comes from a sister court's treatment of a quite similar assignment order in *First City Bank of Houston v. Salinas*, 754 S.W.2d 497, 498 (Tex. App.—Corpus Christi 1988, orig. proceeding). The judicial assignment order at issue there read as follows:

> This assignment is for the period beginning the 29th day of September, 1986, provided that this assignment shall continue after the specified period of time as may be necessary for the assigned judge to complete trial of any case or cases begun during this period, and to pass on motions for new trial and all other matters growing out of cases tried by the judge herein assigned during this period.
>
> CONDITION(S) OF ASSIGNMENT [IF ANY]:
>
> No. 7499, Martin Ramirez, Guardian of the Person and Estate of Javier Ivan Sandoval, a Minor, vs. Rego Company, et al.

12

*Id.* A distinction between the above language and the language at issue here is readily apparent: in *Salinas*, there is no language in the first paragraph which serves to define the date the assignment ends; in the case at bar, the assignment is "for the period of 1 [day]." The *Salinas* court did not explain whether any proceedings were actually held in the litigation on the date referenced. *See id.* Nonetheless, the court read the assignment as giving the visiting judge the authority to hear the personal injury case: "The record is clear that Judge Salinas was assigned to hear the underlying personal injury lawsuit and not to exercise general jurisdiction as the Judge of the 229th District Court." *Id.* The Corpus Christi Court went on to determine whether the assignment order gave authority which would include the capacity to preside over the ancillary litigation involving the trust created as a result of the personal injury litigation; it concluded that it did not. *Id.* While *Salinas* involves slightly different issues, what is valuable to us in the analysis is the court's reading of the order of assignment itself. Since there appeared to have been no evidence that the visiting judge presided over any matter relating to the referenced cause number on September 29, 1986, we understand the date that the authority is given to be less important where, as here, the record suggests that the assignment order was designed to give the authority to hear a particular case. Of course, a court looking at a general assignment to a court for a period of days and without reference to a particular case would be far more concerned with the dates stated in the assignment order.

We read the assignment order at issue as one that, on February 28, 2007, gave Judge Banner the authority to hear the named case on its merits. Several considerations inform our conclusion.

13

First, we are bound to read the assignment order as a whole and must keep in mind that form should not prevail over substance. *See B.F.B.*, 241 S.W.3d at 646. To read the order as Richardson suggests, we would have to ignore the conditions of the assignment: "To hear Cause No. 99C985-202; Southwest Construction Receivables, LTD, et al vs. Regions Bank." Since we must consider the order as a whole, we cannot simply ignore that language.

Further, because we must consider the context in which the order was issued, we will not read the order as an essentially useless exercise based on a contingency that a multi-party case (one which has persisted in litigation for almost ten years) would inevitably go to trial on the very date specified. The date contained in the order of assignment (February 28, 2007)[8] is the same date that it was signed by the administrative judge in Dallas; it was not filed with the Bowie County District Clerk's Office until March 6, 2008. In order to read the assignment order as literally as we are being asked would have us determine that the authority of Judge Banner to act under the order expired on the same day that it was signed and before it was even received; this would render the order virtually nonsensical and incapable of the use for which it was intended. To read the order as being without practical effect (i.e., having expired because certain anticipated contingencies failed to materialize) would force us to engage in a very limited, perhaps disingenuous, reading of a record that certainly indicates that the order was designed to assign Judge Banner to hear the case from which Judge Pesek had recused himself. We add that since Judge Pesek had recused himself from the case,

---

[8]See footnote 4 above.

Richardson's reading would have the effect of leaving the litigation without a presiding judge for an indefinite period of time. As mentioned previously, a literal reading of the position of Richardson as to the lapse of Judge Banner's authority would also lead one to believe that Judge Banner would no longer have had the authority to enter an order which acknowledged himself as no longer the judge authorized to hear the case. If Richardson were correct, in other words, would anything signed by Banner have any force or effect or would it be a nullity?

The most reasonable reading of the substance of this order within the context in which it was issued is that Judge Banner was assigned to hear this case when Judge Pesek recused himself. By reconciling the language in the order taken as a whole and considering the context in which the order was issued, we conclude that Judge Banner has authority, pursuant to Judge Ovard's assignment order, to hear the underlying cause on its merits.

**III.     Questionable Availability of the Writ of Prohibition**

Richardson's petition seeks issuance of both a writ of mandamus and a writ of prohibition. The same principles control the use of both writs when they are invoked to seek to remedy the unlawful assumption of jurisdiction[9] by an inferior court. *See Tilton v. Marshall*, 925 S.W.2d 672, 676 n.4 (Tex. 1996); *Canadian Helicopters Ltd. v. Wittig*, 876 S.W.2d 304, 309 n.12 (Tex. 1994).[10]

---

[9]As will be discussed later, we use this term not to suggest that this issue implicates the jurisdiction of the trial court. Here, the term is used only in explaining the purpose and requirements for issuance of a writ of prohibition.

[10]The Texas Supreme Court noted that, by enacting Section 51.014(a)(7) of the Texas Civil Practice and Remedies Code, the Legislature had rejected its position in *Canadian Helicopters* that

15

A writ of prohibition directs a lower court to refrain from doing something; a writ of mandamus generally directs a lower court to do something. *See Tilton*, 925 S.W.2d at 676 n.4. The purpose of the writ of prohibition is to enable a superior court to protect and enforce its jurisdiction and judgments. *Holloway v. Fifth Court of Appeals*, 767 S.W.2d 680, 683 (Tex. 1989); *Browne v. Rowe*, 10 Tex. 183, 184 (1853). The writ is typically used to protect the subject matter of an appeal or to prohibit an unlawful interference with the enforcement of a superior court's orders and judgments. *Holloway*, 767 S.W.2d at 683; *Tex. Employers' Ins. Ass'n v. Kirby*, 137 Tex. 106, 152 S.W.2d 1073, 1073 (1941).

However, the Texas Supreme Court has held that a petition for a writ of prohibition is an ancillary proceeding that is invoked in aid of an appellate court's jurisdiction which has otherwise been properly invoked, not an independent proceeding brought to prohibit an action. *See Kirby*, 152 S.W.2d 1073, 1073. With that, a writ of prohibition is appropriate only after an appellate court's jurisdiction has been invoked on independent grounds and then only in aid of that jurisdiction. *See id.*

Therefore, a court of appeals does not have jurisdiction, absent actual jurisdiction of a pending proceeding, to issue a writ of prohibition requiring that a trial court refrain from performing a future act. *See id.*; *In re Nguyen*, 155 S.W.3d 191, 194 (Tex. App.—Tyler 2003, orig. proceeding); *Lesikar v. Anthony*, 750 S.W.2d 338 (Tex. App.—Houston [1st Dist.] 1988, orig. proceeding).

---

interlocutory review of the grant or denial of a special appearance should not generally be available. *In re AIU Ins. Co.*, 148 S.W.3d 109, 119 (Tex. 2004).

Because we do not have actual jurisdiction over a pending proceeding in this case, we have no jurisdiction to protect by way of writ of prohibition.

Again, a writ of prohibition may also be used to prohibit an unlawful interference with the enforcement of a superior court's orders and judgments. *See Holloway*, 767 S.W.2d at 682. Such a purpose is also inapplicable here. We note that our dismissal of the appeal from the 2005 summary judgment concluded that the judgment was only interlocutory because it had not disposed of claims against a proper party.[11] Judge Banner has taken no action that would interfere with this Court's judgment. To conclude otherwise would run afoul of the Texas Supreme Court's reasoning in *Holloway v. Fifth Court of Appeals* where the Texas Supreme Court concluded that the Dallas Court erroneously issued a writ of prohibition:

> When an appellate court considers the merits of an action and renders a judgment of affirmance or reversal, it has a judgment which under the appropriate circumstances can be protected by writ of prohibition. *Houston Oil Co. v. Village Mills Co.*, 123 Tex. 253, 259–60, 71 S.W.2d 1087, 1089 (1934). The court of appeals in *Humble*

[11]More specifically, this Court dismissed the previous appeal for want of jurisdiction:

Because we have held the trial court erred by ruling, as a matter of law, that McNew was not a proper party to the suit, and because Appellants' notice of nonsuit did not resolve their claims against McNew, the trial court's award of summary judgment in this case does not dispose of all the parties or claims. None of the statutory exceptions that grant us jurisdiction to hear certain interlocutory appeals are applicable to this case. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (Vernon Supp. 2004-2005). Therefore, we are without jurisdiction to consider Appellants' remaining points of error. *Cf. Brooks v. Pep Boys Auto. Supercenters*, 104 S.W.3d 656, 660–61 (Tex. App.—Houston [1st Dist.] 2003, no pet.).

*Sw. Constr. Receivables, Ltd.*, 162 S.W.3d at 868.

17

*Exploration Company v. Browning*, however, did not rule on the merits. It dismissed the appeal. Granted the court wrote on the collateral matter of the trial court's jurisdiction, but the writing was not material to, nor incorporated in, its judgment of dismissal. Even had the court of appeals chosen to rule on the merits of the appeal in its judgment of dismissal, such ruling would have been "mere surplusage" incapable of enforcement by the extraordinary writ of prohibition. *Fitch v. International Harvester Co.*, 163 Tex. 221, 221, 354 S.W.2d 372, 373 (1962).

Appellate courts have no authority to issue writs of prohibition to protect unappealed district court judgments. *Texas Employers' Ins. Ass'n v. Kirby*, 137 Tex. 106, 152 S.W.2d 1073 (1941). Although the dismissal of an appeal may have the same practical affect [sic] as an affirmance of the lower court's judgment, these two appellate judgments are not in law the same. *United States v. Gomez*, 64 U.S. (23 How.) 326, 339–40, 16 L. Ed. 552, 587 (1860). A dismissal of an appeal does not merge the judgment of the trial court into the judgment of the appellate court and does not vest the appellate court with authority to issue extraordinary writs to protect the judgment of the trial court. *Oilmen's Reciprocal Ass'n v. Coe*, 29 S.W.2d 430 (Tex. Civ. App.—Eastland 1930, writ ref'd); *Cunningham v. Universal Credit Co.*, 92 S.W.2d 1097 (Tex. Civ. App.—Fort Worth 1936, no writ).

*Holloway*, 767 S.W.2d at 683.

Because we do not have jurisdiction over a pending proceeding in this case and because the trial court's actions do not interfere with a judgment of this Court, we consider the availability of a writ of prohibition here questionable. We believe our jurisdiction here to be limited to mandamus authority. *See* TEX. GOV'T CODE ANN. § 22.221(b) (Vernon 2004).

We question the availability of a writ of prohibition in this situation when there is no pending appeal in the matter, but do acknowledge that the Texas Supreme Court has held that a writ of prohibition and a writ of mandamus are appropriate when the trial court acts without jurisdiction to do so. *See State Bar of Tex. v. Jefferson*, 942 S.W.2d 575, 576 (Tex. 1997); *Board of Disciplinary*

18

*Appeals v. McFall*, 888 S.W.2d 471, 472 (Tex. 1994).  While the issue here is more accurately characterized as a challenge to the trial judge's authority rather than a challenge to the trial court's jurisdiction, we see that *Jefferson* and *McFall* allow room to argue that a writ of prohibition is equally appropriate here.  *See also Akin v. Tipps*, 668 S.W.2d 432, 434 (Tex. App.—Dallas 1984, orig. proceeding).  Further, jurisdiction over the petition for writ of mandamus may permit a court to exercise jurisdiction over the traditionally ancillary proceeding seeking writ of prohibition.  So, to the extent that a writ of prohibition is available as ancillary to our jurisdiction over Richardson and Regions' petition for writ of mandamus, we conclude that, for the same reasons that Richardson and Regions have not shown they are entitled to mandamus relief, they, likewise, are not entitled to a writ of prohibition.

We, therefore, deny Richardson and Regions' petition for writ of mandamus and writ of prohibition.

Subsequent to the filing of the petition for writ of mandamus and for writ of prohibition, we received an application from Richardson for an emergency stay of the underlying trial court

19

proceedings. Because the mandamus and prohibition relief is being denied, we also deny the issuance of the emergency stay which was requested.


                                          Bailey C. Moseley
                                          Justice

Date Submitted:      April 24, 2008
Date Decided:        April 25, 2008