

# NUMBERS 13-12-00014-CR, 13-12-00015-CR, & 13-12-00016-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE GLENN EDWARD CHAMPAGNE

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

**Before Justices Rodriguez, Benavides, and Perkes
Memorandum Opinion Per Curiam[1]**

Relator, Glenn Edward Champagne, proceeding pro se, filed a petition for writ of mandamus in the foregoing causes on January 12, 2012, through which he seeks to compel the Honorable Buddie J. Hahn, Judge of the 260th District Court of Orange

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

County, Texas, to grant credit for time served. Relator further seeks additional unspecified relief regarding various different underlying trial court causes. [2]

## I. TERRITORIAL JURISDICTION

This Court's original jurisdiction is governed by section 22.221 of the Texas Government Code. *See* TEX. GOV'T CODE ANN. § 22.221 (West 2004). Section 22.221(b) expressly limits the mandamus jurisdiction of the courts of appeals to writs of mandamus issued against "a judge of a district or county court in the court of appeals' district" or against a "judge of a district court who is acting as a magistrate at a court of inquiry . . . in the court of appeals district." *See id.* § 22.221(b).

The trial court causes of action at issue in these proceedings arise from Orange County and Jefferson County. Neither Orange County nor Jefferson County are located within the territorial jurisdiction of this Court. *See* TEX. GOV'T CODE ANN. § 22.201(n) (West Supp. 2010). Accordingly, we do not have territorial jurisdiction to grant the requested relief. *See id.* § 22.221(b).

## II. ENFORCEMENT JURISDICTION

Relator has appealed his criminal conviction in trial court cause number D-100387-R, and his appeal from that conviction was transferred to this Court from the Ninth Court of Appeals by the Texas Supreme Court as part of its docket equalization activities. *See id.* § 73.001 (West 2005). This appeal has been docketed herein as cause 13-11-00657-CV. Relator is represented in that appeal by appointed counsel.

---

[2] Relator's petition for writ of mandamus raises issues pertaining to trial court cause number D-100387-R in the 260th District Court of Orange County, Texas, appearing in appellate cause number 13-12-00014-CR; trial court cause number C-159866 in the 317th District Court of Jefferson County, Texas, appearing in appellate cause number 13-12-00015-CR; and trial court cause number D-100390-R in the 260th District Court of Orange County, Texas, appearing in appellate cause number 13-12-00016-CR. The Honorable Buddie J. Hahn is the Presiding Judge of the 260th District Court of Orange County, Texas, and the Honorable Larry Thorne is the Presiding Judge of the 317th District Court of Jefferson County, Texas.

It is unclear whether, or to what extent, the actions complained of in this mandamus proceeding are ancillary to or related to relator's criminal appeal pending in this Court. *See generally In re Richardson*, 252 S.W.3d 822, 830 (Tex. App.—Texarkana 2008, orig. proceeding). We have the statutory authority to issue all writs necessary to enforce our jurisdiction. *See id.* § 22.221(a); *In re Richardson*, 327 S.W.3d 848, 851 (Tex. App.—Fort Worth 2010, orig. proceeding); *In re Phillips*, 296 S.W.3d 682, 684 (Tex. App.—El Paso 2009, orig. proceeding). However, relator has not shown that his requested relief is necessary to enforce the jurisdiction of this Court insofar as it pertains to his appeal. *See id.* § 22.221(a).

Moreover, relator is represented by appointed counsel in his appeal and is not entitled to hybrid representation. *See Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007); *Patrick v. State*, 906 S.W.2d 481, 498 (Tex. Crim. App. 1995). Because relator has counsel, we do not address the merits of his pro se mandamus petition. Moreover, we note that the trial court is entitled to look solely to counsel and is not required to rule on pro se motions or petitions filed in a criminal proceeding in which the defendant is represented by counsel. *See Robinson*, 240 S.W.3d at 922; *Patrick*, 906 S.W.2d at 498.

### III. BURDEN OF PROOF

It is relator's burden to properly request and show entitlement to mandamus relief. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). In addition to other requirements, relator must include a statement of facts supported by citations to "competent evidence

3

included in the appendix or record," and must also provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record." *See generally* TEX. R. APP. P. 52.3. In this regard, it is clear that relator must furnish an appendix or record sufficient to support the claim for mandamus relief. *See id.* R. 52.3(k) (specifying the required contents for the appendix); R. 52.7(a) (specifying the required contents for the record).

In the instant case, relator's petition for writ of mandamus fails to meet the foregoing requirements and is defective. Accordingly, relator has failed to meet his burden of proof to obtain relief.

## IV. CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that relator has not met his burden to obtain mandamus relief. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007). Specifically, relator has not shown either that this Court has jurisdiction to address his complaints or that any of the requested relief is necessary to enforce our jurisdiction over his pending appeal. Accordingly, relator's petition for writ of mandamus in each of these causes is DISMISSED FOR WANT OF JURISDICTION. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

Do not publish. TEX. R. APP. P. 47.2(b).

Delivered and filed this the
17th day of January, 2012.

4