

# NUMBERS 13-12-00108-CR, 13-12-00109-CR, & 13-12-00110-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE GLENN EDWARD CHAMPAGNE

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Benavides, and Perkes
### Memorandum Opinion Per Curiam[1]

Relator, Glenn Edward Champagne, proceeding pro se, filed a petition for writ of mandamus in the foregoing causes on February 8, 2012, through which he contends that he has been "sentenced twice for substantially the same offense" in violation of double jeopardy principles. We deny the petition for writ of mandamus in these causes.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

## I. BACKGROUND

Relator previously filed two petitions for writ of mandamus with this Court raising the same and similar issues. *See generally In re Champagne*, Nos. 13-12-00085-CR, 13-12-00086-CR & 13-12-00087-CR, 2012 Tex. App. LEXIS ___ (Tex. App.—Corpus Christi Feb. 6, 2012, orig. proceeding) (mem. op. per curiam); *In re Champagne*, Nos. 13-12-00014-CR, 13-12-00015-CR & 13-12-00016-CR, 2012 Tex. App. LEXIS 453 (Tex. App.—Corpus Christi Jan. 17, 2012, orig. proceeding) (mem. op. per curiam).

Relator's first petition for writ of mandamus raised issues pertaining to trial court cause number D-100387-R in the 260th District Court of Orange County, Texas, appearing in appellate cause number 13-12-00014-CR; trial court cause number C-159866 in the 317th District Court of Jefferson County, Texas, appearing in appellate cause number 13-12-00015-CR; and trial court cause number D-100390-R in the 260th District Court of Orange County, Texas, appearing in appellate cause number 13-12-00016-CR. *See In re Champagne,* 2012 Tex. App. LEXIS 453, at **1–2. We note that the Honorable Buddie J. Hahn is the Presiding Judge of the 260th District Court of Orange County, Texas, and the Honorable Larry Thorne is the Presiding Judge of the 317th District Court of Jefferson County, Texas. *See id.*

Relator's second petition for writ of mandamus was entitled "Amend to Mandamus" and referenced trial court causes D-100387-R and C-159866, but not D-100390-R, and further referenced relator's appeal pending in this Court in appellate cause 13-11-00657-CR. *See In re Champagne*, 2012 Tex. App. LEXIS ___, at **__.

This third petition for writ of mandamus that is currently before the Court is entitled "II Amend to Mandamus" and contains no information regarding the trial court

proceedings at issue, but does reference relator's appeal in our cause number 13-11-00657-CR.

## II. TERRITORIAL JURISDICTION

This Court's original jurisdiction is governed by section 22.221 of the Texas Government Code. *See* TEX. GOV'T CODE ANN. § 22.221 (West 2004). Section 22.221(b) expressly limits the mandamus jurisdiction of the courts of appeals to writs of mandamus issued against "a judge of a district or county court in the court of appeals' district" or against a "judge of a district court who is acting as a magistrate at a court of inquiry . . . in the court of appeals district." *See id.* § 22.221(b). The trial court causes of action referenced in the previous original proceedings, and presumably herein based on the allegations at issue and the fact that relator has styled this as an amended mandamus, arose from Orange County and Jefferson County. Orange County and Jefferson County are not located within the territorial jurisdiction of this Court. *See* TEX. GOV'T CODE ANN. § 22.201(n) (West Supp. 2010). Accordingly, we do not have territorial jurisdiction to grant the requested relief. *See id.* § 22.221(b).

## II. ENFORCEMENT JURISDICTION

Relator has appealed his criminal conviction in trial court cause number D-100387-R, and his appeal from that conviction was transferred to this Court from the Ninth Court of Appeals by the Texas Supreme Court as part of its docket equalization activities. *See id.* § 73.001 (West 2005). This appeal has been docketed herein as cause 13-11-00657-CV. We have the statutory authority to issue all writs necessary to enforce our jurisdiction. *See id.* § 22.221(a); *In re Richardson*, 327 S.W.3d 848, 851 (Tex. App.—Fort Worth 2010, orig. proceeding); *In re Phillips*, 296 S.W.3d 682, 684

(Tex. App.—El Paso 2009, orig. proceeding).  It is unclear whether, or to what extent, the actions complained of in this mandamus proceeding are ancillary to or related to relator's criminal appeal pending in this Court.  *See generally In re Richardson*, 252 S.W.3d 822, 830 (Tex. App.—Texarkana 2008, orig. proceeding).  Accordingly, relator has not shown that his requested relief is necessary to enforce the jurisdiction of this Court insofar as it pertains to his appeal.  *See id.* § 22.221(a).

## IV. CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that relator has not met his burden to obtain mandamus relief.  *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007).  Specifically, relator has not shown either that this Court has jurisdiction to address his complaints or that any of the requested relief is necessary to enforce our jurisdiction over his pending appeal.  Accordingly, relator's petition for writ of mandamus in each of these causes is DISMISSED FOR WANT OF JURISDICTION.  *See* TEX. R. APP. P. 52.8(a).


PER CURIAM


Do not publish.  TEX. R. APP. P. 47.2(b).

Delivered and filed the
10th day of February, 2012.

4