

# NUMBERS 13-12-00481-CR, 13-12-00482-CR, & 13-12-00483-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE GLENN EDWARD CHAMPAGNE

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Benavides, and Perkes
### Memorandum Opinion Per Curiam[1]

Relator, Glenn Edward Champagne, proceeding pro se, filed a petition for writ of mandamus in the foregoing causes on July 25, 2012, through which he appears to assert that he was sentenced in violation of his constitutional rights and double jeopardy

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

1

principles.[2]  We dismiss for want of jurisdiction the petition for writ of mandamus in these causes.

## I. BACKGROUND

Relator previously filed three series of petitions for writ of mandamus with this Court raising the same and similar issues.  *See In re Champagne*, Nos. 13-12-00108-CR, 13-12-00109-CR & 13-12-00110-CR, 2012 Tex. App. LEXIS 1291, at *1 (Tex. App.—Corpus Christi Feb. 10, 2012, orig. proceeding) (mem. op. per curiam, not designated for publication); *In re Champagne*, Nos. 13-12-00085-CR, 13-12-00086-CR & 13-12-00087-CR, 2012 Tex. App. LEXIS 1136, at *1 (Tex. App.—Corpus Christi Feb. 6, 2012, orig. proceeding) (mem. op. per curiam, not designated for publication*); In re Champagne*, Nos. 13-12-00014-CR, 13-12-00015-CR & 13-12-00016-CR, 2012 Tex. App. LEXIS 453, at *1 (Tex. App.—Corpus Christi Jan. 17, 2012, orig. proceeding) (mem. op. per curiam, not designated for publication).

In this petition for writ of mandamus, as in those earlier original proceedings, relator references trial court cause number D-100387-R in the 260th District Court of Orange County, Texas, appearing in appellate cause number 13-12-00483-CR; trial court cause number C-159866 in the 317th District Court of Jefferson County, Texas, appearing in appellate cause number 13-12-00482-CR; and trial court cause number D-

---

[2] This Court has previously considered a petition for writ of habeas corpus, a direct appeal, and several original proceedings filed by relator.  *See In re Champagne*, 13-12-00409-CR, 2012 Tex. App. LEXIS 5341, at *1 (Tex. App.—Corpus Christi July 5, 2012, orig. proceeding) (mem. op. per curiam, not designated for publication); *Champagne v. State*, No. 13-11-00657-CR, 2012 Tex. App. LEXIS 5225, at *1 (Tex. App.—Corpus Christi June 28, 2012, no pet. h.) (mem. op., not designated for publication); *In re Champagne*, Nos. 13-12-00108-CR, 13-12-00109-CR & 13-12-00110-CR, 2012 Tex. App. LEXIS 1291, at *1 (Tex. App.—Corpus Christi Feb. 10, 2012, orig. proceeding) (mem. op. per curiam, not designated for publication); *In re Champagne*, Nos. 13-12-00085-CR, 13-12-00086-CR & 13-12-00087-CR, 2012 Tex. App. LEXIS 1136, at *1 (Tex. App.—Corpus Christi Feb. 6, 2012, orig. proceeding) (mem. op. per curiam, not designated for publication*); In re Champagne*, Nos. 13-12-00014-CR, 13-12-00015-CR & 13-12-00016-CR, 2012 Tex. App. LEXIS 453, at *1 (Tex. App.—Corpus Christi Jan. 17, 2012, orig. proceeding) (mem. op. per curiam, not designated for publication).

100390-R in the 260th District Court of Orange County, Texas, appearing in appellate cause number 13-12-00481-CR. We note that the Honorable Buddie J. Hahn is the Presiding Judge of the 260th District Court of Orange County, Texas, and the Honorable Larry Thorne is the Presiding Judge of the 317th District Court of Jefferson County, Texas. *See id.*

## II. TERRITORIAL JURISDICTION

This Court's original jurisdiction is governed by section 22.221 of the Texas Government Code. *See* TEX. GOV'T CODE ANN. § 22.221 (West 2004). Section 22.221(b) expressly limits the mandamus jurisdiction of the courts of appeals to writs of mandamus issued against "a judge of a district or county court in the court of appeals' district" or against a "judge of a district court who is acting as a magistrate at a court of inquiry . . . in the court of appeals district." *See id.* § 22.221(b). The trial court causes of action referenced in the previous original proceedings and herein arose from Orange County and Jefferson County. Orange County and Jefferson County are not located within the territorial jurisdiction of this Court. *See* TEX. GOV'T CODE ANN. § 22.201(n) (West Supp. 2010). Accordingly, we do not have jurisdiction to grant mandamus relief. *See id.* § 22.221(b).

## II. ENFORCEMENT JURISDICTION

Relator appealed his criminal conviction in trial court cause number D-100387-R, and his appeal from that conviction was transferred to this Court from the Ninth Court of Appeals by the Texas Supreme Court as part of its docket equalization activities. *See id.* § 73.001 (West 2005). This Court affirmed that conviction by memorandum opinion issued on June 28, 2012. *See Champagne v. State*, No. 13-11-00657-CR, 2012 Tex.

3

App. LEXIS 5225, at *1 (Tex. App.—Corpus Christi June 28, 2012, no pet. h.) (mem. op., not designated for publication). We have the statutory authority to issue all writs necessary to enforce our jurisdiction. *See id.* § 22.221(a); *In re Richardson*, 327 S.W.3d 848, 851 (Tex. App.—Fort Worth 2010, orig. proceeding); *In re Phillips*, 296 S.W.3d 682, 684 (Tex. App.—El Paso 2009, orig. proceeding). It is unclear whether, or to what extent, the actions complained of in this original proceeding are ancillary to or related to the appeal that was affirmed by this Court. *See generally In re Richardson*, 252 S.W.3d 822, 830 (Tex. App.—Texarkana 2008, orig. proceeding). Accordingly, relator has not shown that his requested relief is necessary to enforce the jurisdiction of this Court insofar as it pertains to his appeal. *See id.* § 22.221(a).

## IV. CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that relator has not met his burden to obtain mandamus relief. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007). Specifically, relator has not shown either that this Court has jurisdiction to address his complaints or that any of the requested relief is necessary to enforce our jurisdiction over his appeal. Accordingly, relator's petition for writ of mandamus in each of these causes is DISMISSED FOR WANT OF JURISDICTION. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

Do not publish. TEX. R. APP. P. 47.2(b).

Delivered and filed this the
27th day of July, 2012.

4